**In re OVERVIEW EQUITIES, INC., Debtor.**

**Bankruptcy No. 899–82941–478.**

United States Bankruptcy Court, E.D. New York.

Nov. 1, 1999.

Shaw Licitra, Bohner, Esernio, & Schwa, Garden City, NY, for Debtor.

*Decision and Order Re: (1) Debtor's Objection to the Claim No. 2 Filed by Madeline Dempster; and (2) Motion by Madeline Dempster to Vacate the Stay*

DOROTHY EISENBERG, Bankruptcy Judge.

The Debtor has objected to the claim no. 2 by Madeline Dempster ("Claimant") and seeks to expunge such claim on the grounds that Claimant is not a creditor of this Debtor's estate. The Court agrees based upon the following findings of fact and conclusions of law in compliance with F.R.B.P. Rule 7052. In addition, the

Court hereby vacates the stay to permit Claimant to have her rights adjudicated in State Court.

*Facts*

The Debtor filed a Petition for Chapter 11 relief on April 14, 1999. The only asset of this Debtor is real property consisting of a mansion in Oyster Bay, New York (the "Property") which is used as a private residence. The Debtor claims that it is being rented, but the Debtor has not received the rent for the Property. The Property is encumbered by a first and second mortgage held by Citibank. As of the petition date, Citibank was owed approximately $1,673,800. In addition to Citibank's first and second mortgages, there are unpaid taxes and several judgments against the Property. The Debtor acquired the Property in June 1995 from George Dempster, Claimant's former spouse. The Claimant has a money judgment against George Dempster in excess of $2,000,000, which was entered in September, 1995, after the Property was transferred from Mr. Dempster to the Debtor herein. The Claimant filed claim no. 2 in this case on the basis of equitable relief. Claimant alleges that she has a claim against the Property since she had started an action in the state court prior to the filing of this petition wherein Claimant seeks to set aside the transfer of the Property which is the entire asset of this estate. Claimant currently has no money judgment against the Debtor and claim no. 2 is based on a claim commenced in the state court to set aside the transfer of the Property.

It is alleged that in addition to Citibank's first and second mortgage lien on the Property in the aggregate sum of approximately $1,673,800 and an unpaid real property tax lien, there are two additional judgment lien creditors whose judgment liens total $1,473,362.70. Claimant alleges that these judgment liens are not proper liens against the Property and has also sought in the state court to upset these liens, which if valid and upheld as liens against the Property, would further encumber the Property, leaving little equity to the benefit of Claimant in the event the transfer of the Property was set aside. Claimant has also filed a motion to vacate the stay to permit her to continue the state court action seeking to have the Property re-transferred to George Dempster so that her judgment of September 1995 could attach to the Property.

The Court has found that the value of the Property is $3,200,000, since this is the highest and best offer that has been received for the Property after being marketed by two brokers and advertised in the New York Times by Citibank.

The issues before the Court are whether Claimant has a valid claim against this Debtor's estate, and whether the equitable relief she seeks would require this Court to vacate the stay to permit Claimant to continue the state court action.

At this particular time the Debtor owns the Property at issue. The Claimant has no "claim" against this Debtor's ownership interest except if she were successful in setting aside the transfer of the Property from her former spouse to the Debtor.

*Discussion*

■ Pursuant to Bankruptcy Code Section 101(5), a "claim" means—

(A) Right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable secured, or unsecured, or

(B) To an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, or unsecured;

This definition of claim means a claim against the Debtor or the Debtor's estate.

The Claimant has no claim by way of a right to payment pursuant to subsection (A), nor does she have an equitable remedy which would give rise to a right of payment against the Debtor for breach or performance of a breach. The only possible relief the Claimant could receive against this Debtor would be by way of a court finding and entering a judgment that there had been a fraudulent conveyance and setting aside the transfer of the Property from George Dempster to the Debtor's estate.

This Debtor's estate does not owe a debt to Claimant. Section 101(12) states " 'debt' means liability on a claim." Even if Claimant were successful in obtaining the recision of the transfer of the Property, there is no monetary debt due from this Debtor.

Further, Claimant does not have a claim which is subject to being discharged in this Debtor's estate. At this time Claimant is not a creditor of this Debtor. The Third Circuit Court of Appeals in *In re Ben Franklin Hotel Associates*, 186 F.3d 301 (3rd Cir.1999), dealt with the issue of whether an equitable demand for reinstatement of an interest in a partnership constituted a "claim" within the meaning of Section 101(5)(B) of the Bankruptcy Code. It found that it would be a "claim" only if the equitable relief would result in or give rise to a right of payment from the Debtor. In interpreting Section 101(5)(B), the Court stated that an equitable remedy will "give rise to a right of payment" and therefore be deemed a "claim" when the payment of monetary damages is an alternative to the equitable remedy (*citing, Air Line Pilots Association v. Continental Airlines*, 125 F.3d 120, 133 (3rd Cir.1997); *citing, Matter of Udell*, 18 F.3d 403, 407 (7th Cir.1994)). In this case, the Claimant's claim will not give rise to a right of payment from the Debtor.

If Claimant had obtained a judgment against George Dempster, the transferor of the Property, and recorded the judgment prior to the transfer, Claimant would have a judgment lien against the Property, regardless of who owned the Property subsequent thereto. In that event, *Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991) would apply and she would have a claim in this Debtor's estate. As a judgment creditor with a lien on the Property, Claimant would have been on the same footing as any other creditor secured by a judgment lien on the Property, which rights would inure to her benefit even if the Property were subsequently transferred. However, this is not the case and her judgment at this moment is solely against George Dempster, who is not the debtor in this case.

If Claimant is successful in setting aside the transfer from her former spouse to the Debtor, then her lien will attach to the Property, and this Debtor's estate would have no property. If claimant is not successful and the transfer is not set aside, then the Property remains property of this estate and Claimant has no claim to receive any monetary payment from this Debtor. Therefore, the Court finds that Claimant is not a creditor of this Debtor's estate, nor does she have a contingent claim.

Pursuant to the motion made by the Debtor, the claim of Madeline Dempster will be expunged.

■ Although Claimant does not have a claim against the Debtor in this case, Claimant is still a party in interest with certain rights. Pursuant to 11 U.S.C. Section 1109(b):

(b) A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

■ "Although the term 'party in interest' has not been defined anywhere in the Bankruptcy Code or Rules, it is to be construed broadly, in order to allow parties affected by a Chapter 11 case to ap-

pear and be heard." *In re Public Service Co. of New Hampshire,* 88 B.R. 546, 550 (Bankr.D.N.H.1988), (*citing In re Johns– Manville Corp.,* 36 B.R. 743 (Bankr. S.D.N.Y.1984)) (other citations omitted.) The test employed under section 1109(b) is "whether the prospective party in interest has a sufficient stake in the outcome of the proceeding so as to require representation." *In re Amatex Corp.,* 755 F.2d 1034, 1042 (3d Cir.1985). Clearly, given Claimant's interest in the Property, which is the Debtor's sole alleged asset, Claimant is a "party in interest" in every sense of the term. Claimant's interest in the Property may be superior to the Debtor's, and a determination of her rights vis-a-vis the Property is critical to this case. The Court takes Claimant's allegations regarding the alleged fraudulent transfer seriously, and shall consider the motion to vacate the stay.

■ Claimant's fraudulent conveyance action against the Debtor, Mr. Dempster, Island Helicopter and Rio is based solely on state law issues, and should be heard, but not in this forum. In essence, this is a state law dispute between two non-debtors—Madeline Dempster and George Dempster. However, it is a related-to proceeding:

> "Related to" proceeding is one whose outcome could alter debtor's rights, liabilities, options or freedom of action, either positively or negatively, and which in any way impact upon the handling and administration of the bankruptcy estate.

28 U.S.C. Section 1334. *In re Williams,* 238 B.R. 909 (Bankr.N.D.Ga.1999). The outcome of the state court action could have a serious impact on the Debtor's case, but the Court does not believe that the action belongs in this Court.

■ Based on the factors set forth in *In re Sonnax Industries, Inc.,* 907 F.2d 1280 (2nd Cir.1990), vacatur of the stay is warranted. First, continuation of the state court action will result in complete resolution of the issues in regard to the owner-

ship interest of the Debtor in the Property. Some court must hear the allegations of Claimant regarding the alleged fraudulent conveyance of the Property, and the state court is poised to hear the matter to its conclusion. The continuation of the state court action will not interfere with this bankruptcy case because there can be no reorganization if this Debtor's property is re-transferred to the prior owner. The Debtor has no business, generates no income and is unable to pay its obligations. In addition, by failing to pay post petition real property taxes, the Debtor is incurring post petition administrative debt.

The interests of judicial economy will be served by permitting the state court to try the fraudulent conveyance action. It is alleged that the state court action is ready for trial and Justice Skelos is ready to take the case on consecutive days, and hear it to its conclusion. The issues raised in the state court action concern purely state law issues, and the state court has sufficient expertise to hear this matter. It would be a waste of judicial resources for this Court to determine the issues the state court is to hear in the fraudulent conveyance action. Therefore, the Court grants the motion of Claimant to vacate the stay.

### Conclusion

1. The Court has jurisdiction over the motion objecting to claim no. 2 and the motion by Claimant to vacate the stay pursuant to 28 U.S.C. Section 1334.

2. The motion objecting to claim no. 2 is a core matter pursuant to 28 U.S.C. Section 157(b)(2)(B).

3. The motion by Claimant seeking to vacate the stay is a core matter pursuant to 28 U.S.C. Section 157(b)(2)(G).

4. Although Claimant does not have a claim against this Debtor's estate, she is a party in interest with a right to be heard.

5. The motion objecting to claim no 2 and the motion by Claimant to vacate the

stay are granted for the reasons set forth herein above.

IT IS SO ORDERED.